**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-20052
Summary Calendar
_____

HOWARD VANZANDT WILLIAMS,

Plaintiff-Appellant,

VERSUS

LANDMARK EXPLORATION, INC., ET. AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 94 702)
_____

August 23, 1995

Before DAVIS, BARKSDALE and DEMOSS, Circuit Judges.

PER CURIAM:[1]

Williams appeals the dismissal of his § 1983 action for lack of subject matter jurisdiction.  We affirm.

I.

Howard Vanzandt Williams filed this action in the district court,[2] alleging that the defendants, two state court judges and

_____

[1]Local Rule 47.5 provides:  "The publication  of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

[2]The district court construed the pleadings, styled "Petition for Removal" and "Amended Petition for Removal," as an original complaint.

various others,[3] deprived him of his civil rights, as well as his right to due process and equal protection. Williams' federal claims arise from his displeasure with the disposition of a state court suit that he brought against Landmark and others over certain oil and gas royalties.[4] Judges Towslee and Placke presided over the state court action. Judge Towslee granted summary judgment in favor of the defendants, holding that the action was time-barred. The Court of Appeal and the Texas Supreme Court refused to grant review.

In his federal action, Williams contends that Judges Towslee and Placke denied his right to litigate his claims fairly in state court because he is black, poor and not trained in the law. Moreover, he argues that they conspired with the original defendants to defraud him. Judges Towslee and Placke filed a motion to dismiss, claiming that the district court lacked jurisdiction under the Rooker-Feldman doctrine.[5] The magistrate judge assigned to the case recommended that the district court

---

[3]The defendants are Landmark Exploration, Inc. ("Landmark"), Eugene Chemlar, Frank Chemlar, Mable Davis, Denise A. Williams, Henry L. Williams, Michael G. Matthews, Judge Harold Towslee, Judge John Placke, and unknown others.

[4]Williams is one of 71 heirs to the estate of Sam Williams. Each heir inherited an undivided interest in all the surface and sub-surface rights to an 84-acre tract of land. The heirs leased the rights associated with the land to Eugene Chemlar. Although Chemlar allegedly extracted and sold oil and gas from the property, he did not pay royalties to the heirs, as required by the lease agreement. Chemlar assigned the rights to Landmark, a company owned by Chemlar's brother, Frank Chemlar.

[5]See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

grant the defendants' motion to dismiss for lack of subject matter jurisdiction. The district court adopted the magistrate's recommendation and dismissed the action as to all parties. Williams filed a timely appeal.

## II.

The only legitimate issue on appeal is whether the district court erred in dismissing the action for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. This court reviews a dismissal for lack of subject matter jurisdiction de novo. See Musslewhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994), cert. denied, 115 S. Ct. 2248 (1995). We agree with the district court that there is no federal subject matter jurisdiction over Williams' claims.

Under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 115 S. Ct. 271 (1994). As the Supreme Court stated in Feldman, the federal courts lack jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." 460 U.S. at 486. In Howell v. Supreme Court of Texas, 885 F.2d 308, 312 (5th Cir. 1989), this court further defined the doctrine to preclude federal court litigation of any claim that is "inextricably intertwined" with a state court decision. Review of such claims lies with the appropriate state appellate court or, ultimately, by application

3

for a writ of certiorari to the United States Supreme Court. _Liedtke_, 18 F.3d at 317. "The casting of a complaint in the form of a civil rights action cannot circumvent this rule." _Id_.

Williams' federal claims are at bottom nothing more than an attack on the state court judgment. Although they are couched in terms of civil rights violations, his claims concern the acts and omissions of the state court judges who presided over his state court proceedings and thus are "inextricably intertwined" with the resulting judgment. Accordingly, the district court did not err in dismissing the action for lack of subject matter jurisdiction.

Finally, we note that this is the second time that Williams has appealed the dismissal of his claims to the mineral rights at issue. We take this opportunity to warn Williams that any further appeals involving these claims may well draw sanctions under Fed. R. App. P. 38. _See_ _Vinson v. Heckmann_, 940 F.2d 114, 116 (5th Cir. 1991).

AFFIRMED.